MARSHA A. BEDWELL, State Bar No. 094860
General Counsel
AMY BISSON HOLLOWAY, State Bar No. 163731
Assistant General Counsel
TERRI A. McFARLAND, State Bar No. 182968
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
Telephone:  (916) 319-0860
Facsimile:   (916) 319-0155
tmcfarland@cde.ca.gov

Attorneys for Defendants
CALIFORNIA DEPARTMENT OF EDUCATION
and JACK O' CONNELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANISHA WASHINGTON | Case No. 2:10-cv-00186-FCD-KJM |
| Plaintiff, | **DEFENDANTS CDE AND JACK O'CONNELL'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS** |
| v. | |
| CALIFORNIA DEPARTMENT OF EDUCATION, CALIFORNIA DEPARTMENT OF MENTAL HEALTH, CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, Community Care Licensing Division, JACK O'CONNELL, Individually and as the Superintendent of the California Department of Education, STEPHEN W. MAYBERG, Individually and as the Director of the California Department of Mental Health, JOHN A. WAGNER, Individually and as the Director of the California Department of Social Services, | Date:       September 24, 2010<br>Time:      10 :00 a.m.<br>Courtroom: 2, 15th Floor |
| Defendants. | Honorable Frank C. Damrell, Jr. |

### INTRODUCTION

On or about June 29, 2010, plaintiff filed an Amended Complaint for Relief under the Individuals with Disabilities Act (IDEA) and Section 504 of the Rehabilitation Act of 1973.  Doc #9. The Amended Complaint raises two claims for relief against three State of California agencies and their

administrative heads.  The first cause of action alleges a denial of a Free Appropriate Public Education (FAPE) under the IDEA and California law.  The second cause of action alleges a violation of Section 504 of the Rehabilitation Act of 1973.  In her Amended Complaint, plaintiff prays for relief by requesting the California Office of Administrative Hearings' findings be overruled and requests declaratory relief including a finding that three state defendants have denied plaintiff FAPE under the IDEA, compensatory relief, damages and attorneys' fees and costs.

Defendants CDE and Jack O'Connell (State Superintendent of Public Instruction, or SSPI) filed their Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) on August 10, 2010.  Doc #20.  Plaintiff filed an Opposition to Motions to Dismiss on September 9, 2010.  Doc #21.  Defendants CDE and the SSPI now file  this Reply to Plaintiff's Opposition.  Despite plaintiff's argument to the contrary, plaintiff has not stated a claim for which relief could be granted under the IDEA or Section 504 of the Rehabilitation Act of 1973 against CDE and the SSPI.

## ARGUMENT

### A. Plaintiff Has Failed to Allege Facts in Her Amended Complaint to State a Claim for Which Relief Can Be Granted.

In her Opposition to Motions to Dismiss, plaintiff provides "Background Facts" which appear to expand on the "Factual Allegations" contained in plaintiff's Amended Complaint.  Doc #31 at 3:17-4:13, *compare to* Doc #9 at 5:25-10:16.  These additional facts do not support finding that a claim for which relief can be granted has been stated.  To survive defendants' Motions to Dismiss, the Amended Complaint itself "must contain enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 155 (2007).  In ruling on defendants' Motion to Dismiss, this Court is limited to considering the facts as alleged in the Amended Complaint.  For reasons stated in these defendants' Motions to Dismiss, the facts as alleged by plaintiff do not state a claim for which relief  can be granted.  Doc #20 at 10:21-11:28.

### B. Plaintiff Has Not Exhausted Her Administrative Remedies, as She Voluntarily Left Her Agreed Upon Placement in September of 2009; Accepted New Placement from Another School District Thereafter; and Has Not Filed Any Further Request for Due Process.

Plaintiff last filed a special education due process complaint on May 21, 2009.  Doc #9 at ¶ 46.  Thereafter she accepted residential placement at Devereux Colorado.  *Id,* at ¶ 48.  In July and August

2009, plaintiff entered into a settlement agreement with two school districts and Sacramento County Mental Health "which clarified agency responsibility for [plaintiff's] program." *Id*, at ¶ 54.  Plaintiff then voluntarily discharged herself from her agreed upon placement on or about September 18, 2009. *Id*, at ¶ 56.

A new school district, Elk Grove Unified, has accepted responsibility for plaintiff's services and has provided her with placement. *Id*, at ¶57.  Sacramento County Mental Health continues to accept responsibility for plaintiff's Chapter 26.5 services. *Id*.  Nowhere in plaintiff's Amended Complaint is it stated that plaintiff has objected to her current services and placement.  Further, plaintiff has not filed a new due process complaint.  There has been no administrative determination regarding whether plaintiff's current placement is FAPE, because plaintiff has not availed herself of the administrative remedy available to her under the IDEA.  For plaintiff to allege that she is not receiving FAPE, she must first file a special education due process complaint before she can proceed with a federal action.

Plaintiff attempts to circumvent her administrative remedy by making unfounded, unsupported statements that defendants have denied and continue to deny plaintiff FAPE because of practice, policies and regulations eliminating in-state residential placements.  Doc #9 at ¶¶ 65, 66.  However, plaintiff has accepted her current placement from a local education agency, and has not alleged her current placement is not FAPE through due process proceedings.  Plaintiff cannot establish this Court's jurisdiction as she has failed to exhaust her administrative remedy.

**C.   Plaintiff Has Failed to State Facts Which Would Support a Finding That Exhaustion of Administrative Remedies Would Be Futile.**

Defendants agree that exhaustion of administrative remedies is not required when to do so would be futile.  However, plaintiff has not demonstrated any facts establishing the futility of exhaustion of her administrative remedies.  In fact, defendant CDE was dismissed from the due process proceedings initiated by plaintiff on May 21, 2009.  Doc #9 at ¶¶ 46, 52.  In an Order dated July 29, 2009, the Administrative Law Judge stated that: "[plaintiff] has cited no legal authority supporting her contention that CDE is a proper party to this action, and she has alleged no facts upon which OAH could make a determination…that CDE is among the parties that could be determined to be [plaintiff's] responsible local educational agency within the meaning of Sections 56041, 56500, 56501 or 56028.5

[of the California Education Code.]" Defendants' Request for Judicial Notice, Exhibit 2, filed by defendants Department of Mental Health, Department of Social Services and their Directors, August 10, 2010, Doc #18-4, page 23.

If plaintiff alleges that CDE is responsible for directly providing services to her, she can and must utilize her administrative remedy by alleging those facts in a due process proceeding before the Office of Administrative Hearings. She failed to do that in her May 21, 2009 filing. Thereafter, she accepted placement, settled her disputes with local educational agencies, voluntarily left her agreed upon placement, and accepted new placement with a new school district. If plaintiff contends the new services and placement are not FAPE, and that CDE is now a responsible educational agency, she must file a new due process complaint. She has failed to do so. She has failed to allege facts to support a finding that to do so would be futile.

### D. Plaintiff's Failure to Exhaust Her Administrative Remedies Precludes Her Claims under Section 504 of the Rehabilitation Act of 1973.

Just as plaintiff has not overcome her failure to exhaust her administrative remedies under the IDEA to allow her to invoke this Court's jurisdiction for her IDEA claim, she has failed to provide authority for allowing her to proceed with her claims under the Rehabilitation Act of 1973 in this Court. Plaintiff states exhaustion of IDEA remedies is not always a prerequisite to bringing a 504 claim. Doc #21 at 9:2. Plaintiff cites *Christopher S. v. Stanislaus County Office of Education*, 384 F.3d 1205, 1211 (9th Cir. 2004) as authority for this proposition. However, the Court's holding in *Christopher S.* applies to instances where exhaustion of administrative remedies for IDEA claims is not necessary for bringing an *IDEA* action. It does not support allowing plaintiff to proceed with a claim under the Rehabilitation Act when administrative remedies available under the IDEA have not been exhausted.

As plaintiff has failed to exhaust her administrative remedies under the IDEA and is precluded from bringing her IDEA claim in this Court, likewise her claim pursuant to Section 504 of the Rehabilitation Act of 1973 is barred.

### E. Plaintiff Has Alleged No Facts to Support a Claim Against Jack O'Connell.

In her Opposition, plaintiff states she is not bringing any IDEA claims against defendant O'Connell in his personal capacity, and that such individual claims are under Section 504 of the

Rehabilitation Act of 1973. Doc #21 at 9:11-13. Plaintiff then goes on to state she may bring claims under the IDEA for prospective injunctive relief against officers of the state acting outside the bounds of their authority, citing *Porter v. Board of Trustees of Manhattan Beach Unified School District*, 307 F.3d 1064, 1074 (9th Cir. 2002). *Id.,* at 9:13-14.

Plaintiff is now admittedly not bringing a claim under the IDEA against the SSPI, however she cites purported authority for doing so. Plaintiff has failed to allege any facts which would support a claim against the SSPI under the Section 504 of the Rehabilitation Act of 1973. Individual defendant Jack O'Connell, the State Superintendent of Public Instruction, must be dismissed as a defendant.

## **CONCLUSION**

The Amended Complaint should be dismissed as to defendants CDE and the SSPI. Plaintiff has failed to state a claim for which relief could be granted against either defendant. Moreover, plaintiff has failed to exhaust administrative remedies available under the IDEA, has failed to allege facts sufficient to find exhaustion would be futile, and is precluded from bringing a claim under Section 504 of the Rehabilitation Act of 1973. It is respectfully requested that the Amended Complaint be dismissed.

Dated: September 16, 2010              Respectfully submitted,

                                                               MARSHA A. BEDWELL
                                                               General Counsel
                                                               AMY BISSON HOLLOWAY
                                                               Assistant General Counsel

                                         By:    */s/ Terri A. McFarland*
                                                       TERRI A. McFARLAND
                                                       Deputy General Counsel

                                                       Attorneys for Defendant